UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ROBERT P. ROWLAND, JR.,**
    Appellant

v.                                                                                  Civil Action No. 2:05cv157

**FLOORCOVERINGS INTERNATIONAL, LTD.,**
    Appellee.

**ORDER AND OPINION**

Currently before the court is Robert P. Rowland, Jr.'s appeal from a ruling rendered by the United States Bankruptcy Court for the Eastern District of Virginia. Mr. Rowland appeals a ruling in which the bankruptcy court ruled that Floorcoverings International's actions constituted an informal proof of claim, which was then amended by the filing of a formal proof of claim pursuant to 11 U.S.C. § 3002 after the 90-day deadline to file had passed. For the reasons stated below, this ruling is **AFFIRMED.**

**I.**     **Background**

Appellee Floorcoverings International, Ltd. filed a civil action against appellant Robert P. Rowland, Jr. in this court on March 16, 2004, alleging that Rowland had sold his Floorcoverings franchise without its consent and seeking $250,000 in damages. Subsequently, Rowland filed for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, on April 21, 2004. This court issued a stay of the civil case against the debtor pending the results of the bankruptcy proceedings.

The basis for Floorcoverings' lawsuit against Rowland is the allegation that Rowland had previously been given franchise rights from Floorcoverings, but had sold those rights without the consent of Floorcoverings. Although Floorcoverings has speculated that it was this lawsuit that drove Rowland into bankruptcy, the record is unclear as to that matter. However, when Rowland filed his Financial Schedules and Statement of Affairs on May 6, 2004, he listed Floorcoverings' claim against him as a disputed claim in the amount of $250,000. Floorcoverings, by its counsel, participated in the initial creditor meeting, pursuant to 11 U.S.C. § 341, on May 17, 2004 and asked questions of Rowland. It subsequently, on July 30, 2004, moved for a Rule 2004 examination of Rowland, and its motion was granted on August 30, 2004. On October 11 and 13, 2004, Notices of Deposition pursuant to Federal Rule of Bankruptcy Procedure 2004 were filed by Floorcoverings, which took the deposition of Rowland in November.

On November 18, 2004, Floorcoverings filed a formal proof of claim in this case, pursuant to 11 U.S.C. § 3002, accompanied by a motion to treat the late filing as an amendment to an informal proof of claim. On December 17, 2004, Rowland filed his objections to the motion. The bankruptcy court held a hearing on the matter on December 21, 2004, where it issued the ruling that is now before this court on appeal.

The bankruptcy court determined that sufficient notice had been given to the parties involved that Floorcoverings had a claim on Rowland's assets, and that Floorcoverings' actions in participating in the creditor meeting, taking a deposition of Rowland, and filing suit against Rowland in civil court constituted an informal proof of claim that arose within the deadline for filing a proof of claim. Further, the court found, the formal proof of claim filed several months after the deadline constituted an amendment to the informal proof of claim. Rowland filed an

appeal on March 30, 2005, to which Floorcoverings submitted a response on April 12, 2005. Rowland has not filed a reply to Floorcoverings' response, and the deadline to file has passed.

**II.     Standard of Review**

The court reviews de novo the conclusions of law reached by the United States Bankruptcy Court. Addison v. Reavis, 158 B.R. 53, 55 (E.D. Va. 1993). The ruling of a bankruptcy judge constitutes reversible error only if the bankruptcy court incorrectly applied the law to the factual findings. In re Southeast Hotel Prop. Ltd. Partnership, 99 F.3d 151, 153 (4th Cir. 1996) (citing In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992)). There appear to be no factual issues in dispute in this matter; thus, the court reviews the conclusions of law made by the bankruptcy court.

**III.    Discussion**

At the hearing in the bankruptcy court, the judge determined that the actions of Floorcoverings constituted an informal proof of claim, which the court permitted it to amend by the formal proof of claim that was filed after the deadline. In so holding, the court relied upon two critical cases: the Fourth Circuit's decision in Fyne v. Atlas Supply Co., 245 F.2d 107 (4th Cir. 1957) and this court's subsequent decision in Dabney v. Addison, 65 B.R. 348 (E.D. Va. 1985). Both of those cases involved the same issue as is present before the court: a late filing of a formal proof of claim by a creditor combined with prior behavior indicating the intent to be treated as a creditor.

In Fyne, the creditor had obtained a judgment against the bankrupt for the full amount of

the claim and had caused execution to be levied upon the bankrupt's property and the property to be advertised for sale under execution. 245 F.2d at 108. Before the sale took place, the bankrupt was forced into involuntary bankruptcy, and the creditor's counsel participated in the first meeting of creditors. The failure of the creditor's counsel to file a formal proof of claim was attributed to his mistaken belief that an attorney who had previously represented the creditor had already done so. Id. Before the deadline for filing a formal proof of claim had passed, the creditor's attorney wrote the bankruptcy trustee a letter, giving advice as to the pending litigation. Id. Not until the time to file had lapsed was there an assertion by the bankrupt that the creditor was barred from asserting his claim by failure to file a formal proof of claim within the allotted time.

In that case, the Fourth Circuit, upholding the ruling of the district court, determined that the actions of the creditor prior to the proof of claim deadline constituted an informal proof of claim, such that the formal proof of claim filed later was simply an amendment. Id. at 109. In so holding, the court noted: "'[t]he trend of modern decisions on this question, without exception, is to the effect that, where there is anything in the record in the bankruptcy case which establishes a claim against the bankrupt, it may be used as a basis for amendment after the expiration of the statutory year, where substantial justice will be done by allowing the amendment.'" Id. at 108 (quoting In re Fant, 21 F.2d 182, 183 (D.C.)) Because "[i]t is well settled that if there is upon the record in the bankruptcy proceedings, within the [prescribed time limit] anything sufficient to show the existence, nature and amount of a claim, it may be amended even after expiration of the [time limit]," Sun Basin Lumber Co. v. United States, 432 F.2d 48, 49 (9th Cir. 1970), then, should this court determine that Floorcoverings made an informal proof of claim before the filing

4

deadline, it should treat the subsequent formal claim as an amendment to the original.

In Dabney v. Addison, 65 B.R. 348 (E.D. Va. 1985), this court, in accord with Fyne, ruled that a creditor who has obtained judgment against a bankrupt in state court and has been involved in the bankruptcy proceedings from the beginning, but who fails to file a proof of claim within the time allowed, will still be considered a creditor, and his tardy proof of claim considered an amendment to an informal claim. Id. at 352. The court noted that, taken individually, the facts surrounding the creditor's involvement in the bankruptcy would not be sufficient to permit an amended claim. Id. at 351. However, taken collectively, things like knowledge on the part of the Trustee of the creditor's claim, the listing of the claim in the bankrupt's schedule, pendency of litigation regarding the creditor's claim, and attorney neglect, will constitute sufficient notice to all parties that the creditor is making a claim.

The facts of the instant case closely resemble those of both Fyne and Dabney. Although here, unlike in those cases, the creditor has not obtained a judgment against the bankrupt, it is clear from the opinions that it was the *institution* of a claim against the bankrupt more than it was the successful result that was important. Likewise, although there is some dispute as to the level of questioning that counsel for Floorcoverings engaged in during the § 341 creditors meeting, there is no doubt that the attorney did attend and did question Rowland. That level of participation by the creditor is again similar to the level that the courts in Fyne and Dabney found sufficient to determine that an informal claim had arisen. See Fyne, 245 F.2d at 108 (noting only that the counsel for the creditor participated in the first meeting of creditors); Dabney, 65 B.R. at 352 (finding that the counsel for the creditors attended the meeting of the creditors and filed objections to the debtors' claimed exemptions).

5

Finally, as counsel for Floorcoverings explained at the hearing below, a communication error with lead counsel for Floorcoverings, based in Minnesota, was the direct cause of the formal proof of claim being filed after the deadline. Similarly, in both <u>Fyne</u> and <u>Dabney</u>, there was a mistake that contributed to the lateness of the filing. In <u>Fyne</u>, the mistaken belief that the proof of claim had been filed by the previous attorney was what caused the creditor's attorney to fail to file within the deadline. 245 F.2d at 108. In <u>Dabney</u>, the clerk of the court had mistakenly set the deadline for 60 days after the initial creditors meeting, not the requisite 90 days. 65 B.R. at 353. Although neither court found this element to be dispositive of the issue, both acknowledged that it was a factor to be considered.

As the Fourth Circuit noted in <u>Fyne</u>, "'[t]he bankruptcy court is a court of equity, and endeavors wherever possible to do equity . . . . It would be harsh and inequitable to refuse the relief upon the statements of facts above recited if there were power to grant it.'" 245 F.2d at 109 (quoting <u>Scottsville Nat. Bank v. Gilmer</u>, 37 F.2d 227, 229 (4th Cir. 1930)). In <u>Dabney</u>, this court specifically considered the potential for any party to be adversely affected by permitting the late claim to stand, and determined that, because no distribution had taken place, "no one would be harmed or prejudiced by the filing of amended proofs of claim . . . ." 65 B.R. at 352. Although, as in <u>Dabney</u>, the bankrupt here has other creditors who will likely receive smaller dividends on their claims if Floorcoverings is added, there is no evidence that they oppose the late filing of the proof of claim.

In the case at bar it is clear that equity will be accomplished only by recognizing that Floorcoverings made an informal proof of claim that was subsequently amended by the filing of a formal proof of claim. Rowland clearly had actual notice of the claim by Floorcoverings when it

first instituted its civil suit against him.  All other parties involved with Rowland's bankruptcy had at least constructive notice of the claim as a result of its inclusion in his filings.  To deny Floorcoverings the right to be treated as a creditor would be to create for Rowland a windfall by virtue of a filing error.  There is sufficient evidence to demonstrate that Floorcoverings made an informal proof of claim within the filing deadline, and therefore its formal proof of claim will be treated as an amendment.

### III.   Conclusion

For the reasons discussed above, the judgment of the Bankruptcy Court is **AFFIRMED.**

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

June 21, 2005
Norfolk, Virginia